UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL PABLO ESQUIVEL-BICALHO JUNIOR,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Acting New England Field Office Director; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:25-cv-13866-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

December 23, 2025

TALWANI, D.J.

In his Petition for Writ of Habeas Corpus [Doc. No. 1], Petitioner Daniel Pablo Esquivel-Bicalho Junior states that he is a Brazilian national residing in Massachusetts. Id. ¶ 1. In or around September 2021, Petitioner entered the United States. Id. Petitioner subsequently asserted a fear of return to Brazil and was removed from expedited removal proceedings and processed for a credible fear interview. Id. That same month, Petitioner was subsequently released from detention and paroled into the country. Id.

Petitioner states further that on December 16, 2025, federal immigration officials arrested him during a check-in with U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶¶ 2, 5. Petitioner alleges he is currently being held in ICE custody in the District of Massachusetts. Id. ¶ 3.

Petitioner contends that "[a]s a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a 'bond hearing') with strong procedural protections." Id. ¶ 12. Petitioner accordingly requests such a bond hearing. Id. ¶ 13.

Respondents state that

> the legal issues presented in this Petition are similar to those most recently addressed by this Court in Cabello v. Moniz, et al., No. 25-13213-IT, 2025 WL 3295996, at ** 3-4 (D. Mass. Nov. 26, 2025) (petitioner initially processed under 8 U.S.C. § 1225(b)(1) as mandatory detainee and paroled into United States under 8 U.S.C. § 1182(d)(5)(A), entitled to bond hearing under Section 1226 considering facts in case), as well as Doe v. Moniz, Civil Action No. 25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), [Elias] Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, 2025 WL 2951922 (D. Mass. Oct. 20, 2025).

Resp. 1–2 [Doc. No. 9]. While Respondents note their disagreement with these decisions, they also concede that "should the Court follow its reasoning in Cabello, Doe, [Elias] Escobar, and Maza, *supra*, it would likely reach the same result here." Id. at 2.

Nothing in the record indicates that Petitioner was detained on December 16, 2025, under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows: No later than December 31, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody

following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than January 5, 2026.

IT IS SO ORDERED.

December 23, 2025                                          /s/ Indira Talwani
                                                           United States District Judge